UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Greenlight Capital, Inc.,

                          Plaintiff,

    -vs.-

James Fishback,

                          Defendant.

Case No. 1:24-cv-02299-VSB

---

## STIPULATION AND PROPOSED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Greenlight Capital, Inc. ("Plaintiff" or "Greenlight") and Defendant James Fishback ("Defendant" or "Fishback"), (collectively, the "Parties") in the above-captioned action (the "Action"), by and through their undersigned counsel, that the following Stipulation and Protective Order (the "Stipulation and Order") shall govern the handling of Documents, depositions, deposition exhibits, deposition transcripts, video, audio, written discovery requests, electronically stored information ("ESI"), and any other information or material produced or exchanged during discovery in this Action, including any information contained therein or derived therefrom produced or provided by the Parties or by any non-party during discovery in this Action (collectively, "Discovery Materials").

    1.    This Stipulation and Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence to facilitate the production, exchange, and discovery of Discovery Materials that merit confidential treatment.

1

2. All Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal thereof) and for no other purpose.

3. As used herein:

   a. "Producing Party" shall mean a Party to this Action, non-party, or interested person that produces or discloses Discovery Materials in connection with this Action.

   b. "Receiving Party" shall mean a Party to this Action, non-party, or interested person, receiving Discovery Materials in connection with this Action.

   c. "Document" shall have the meaning assigned in Local Rule 26.3, and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery responses.

   d. "Confidential Material" shall mean all Discovery Material, Documents, and all information contained therein, and other information designated as "Confidential" that the Producing Party reasonably and in good faith believes contains confidential or personal information, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients. Confidential Material may include, inter alia, non-public materials containing information related to: financial or business

plans, data, or projections; proprietary or trade secret information; proposed plans or strategies; studies or analyses by internal or external experts or consultants; financial or tax data; competitive analyses; organizational charts or lists of personnel; information or Documents subject to confidentiality or non-disclosure agreements with third parties; plan participant account data; plan design and/or administration data; other commercially sensitive or proprietary information; or personal financial information or other confidential personal information.

4. Any Producing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes contains Confidential Material, thus warranting the protections provided in this Stipulation and Order.

5. A Party may designate a Document other than ESI as Confidential by placing on, or affixing to, the Document a "Confidential" stamp, sticker, mark, notice, or the equivalent (collectively, a "Stamp") or, in the case of depositions, as set forth in Paragraph 6, below. A Party also may designate Documents as Confidential after producing them, by written notice to the Receiving Party with sufficient specificity to allow the Receiving Party to identify such Documents. A Party may designate ESI as Confidential by including a "Confidential" notice in the body of the electronic Document or by affixing a Stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party. Printouts of any such ESI designated as Confidential Material shall be treated in accordance with the terms of this Stipulation and Order. Notwithstanding the foregoing, Excel Documents or any other type of electronically stored

information produced in native format (together, "Natively Produced ESI") may be designated Confidential without ensuring that every page of such Document, when printed, contains the appropriate Stamp. Instead, the Disclosing Party may designate Natively Produced ESI as Confidential by (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" Stamp; and (b) including "Confidential" on the label of the media or in the transmittal email containing the Natively Produced ESI.

6. A Producing Party may, on the record of a deposition, or in written correspondence to the Receiving Party, designate any portion or portions of the deposition as "Confidential" under the terms of this Stipulation and Order. From the time of the deposition through the date fourteen (14) days after all Parties' receipt of the certified deposition transcript, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain material designated as Confidential Material shall be bound in separate volumes and prominently marked "Confidential" on the cover thereof. Objections to the designation of Confidential Material under this Paragraph shall be governed by the procedure set forth in Paragraph 7.

7. The Receiving Party may, within fourteen days of receiving material marked as Confidential, notify the Producing Party that the Receiving Party does not agree with the designation of a Document or other material as Confidential Material. If the Producing Party does not agree to declassify such Document or material, the Receiving Party may move before the Court for an order declassifying those Documents or materials. If no such motion is filed, such Documents or materials shall continue to be treated as Confidential Material. If such

motion is filed, the Documents or other materials shall be deemed Confidential Material unless and until the Court rules otherwise.

8. The designation of any Discovery Material as Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

9. Nothing herein shall be construed as: (a) a waiver by any Party of its right to object to any discovery request; (b) waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any Document, testimony, or other evidence.

10. Confidential Material shall be used solely for purposes of the Action and not for any other purpose, and shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

    a. Counsel of record and in-house counsel for the Parties, and the paralegal, clerical, and secretarial staffs employed by such counsel to the extent necessary to render professional services in this Action;

    b. Plaintiff;

    c. Defendant;

    d. Employees of Greenlight whom Greenlight determines have a reason to know the materials, or who may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

    e. Experts and consultants retained by counsel for the Parties in connection with this Action, who are assisting counsel in the prosecution or defense of this Action;

      f.      Any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this Action;

      g.      Witnesses, so long as that witness has been identified in discovery as a person with knowledge of relevant facts;

      h.      Any mediator appointed by the Court or agreed to by the Parties who assists the Parties in trying to reach a settlement of this Action; and

      i.      Insurers of the Parties.

11.    Prior to disclosure by the Parties or their counsel of any Confidential Material to any person referred to in Paragraphs 10(e) and 10(g) of this Order, counsel shall provide such person with a copy of this Stipulation and Order and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as Exhibit A.

12.    Prior to filing any Document marked by the opposing Party as "Confidential," the Receiving Party shall email a copy of the Documents that it intends to file with the Court at least ten (10) calendar days in advance of the filing. The Producing Party shall advise the Receiving Party within seven (7) calendar days of its receipt of such Documents whether it objects to that filing and believes that the Documents should be filed under seal. This schedule shall apply unless the timeframe for the particular motion makes this timing unfeasible, in which case the Parties shall confer to determine an appropriate timeframe.

13.    If the Receiving Party still intends to file the Documents with the Court, the Producing Party shall file a request with the Court, in accordance with the Court's rules, to have such Documents or information filed under seal. No Documents or information filed under seal shall be made available to third parties or the public, except by further order of this

Court, a subsequent written agreement executed by the Parties, or in accordance with the terms of this Stipulation and Order.

14. In the event that a Party's motion to file under seal is still pending while a Court ordered motion deadline (*e.g.*, a summary judgment filing deadline) approaches, the Parties agree to refrain from filing publicly the disputed exhibits as part of their motion filing and instead identify the exhibits by their bates numbers. The Parties may include the disputed exhibits in their courtesy copy to the Court, noting in a cover letter that the exhibits were not filed publicly because they are the subject of a pending motion to file under seal.

15. Should this matter proceed to trial, the Parties agree to meet and confer to discuss the confidentiality of Documents to be used as exhibits during trial, and further discuss those issues with the Court at the final pre-trial conference.

16. This Order shall not: (a) prejudice in any way the right of a Party to object to the production of Documents or information it considers not subject to discovery; (b) prejudice in any way the right of a Party to seek a court determination of whether particular Discovery Material should be produced; (c) prejudice in any way the right of a Party to object to the introduction into evidence of any Documents or information it considers inadmissible; or (d) prejudice in any way a Party's right to use its own Documents or information, which may or may not have been designated by a Party as "Confidential" in any manner without consent of the opposing Party or Court.

17. Receiving Parties and their counsel shall maintain all Confidential Material in a secure manner so as to avoid disclosure of its contents.

18. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" designation in connection with any motions or the trial of this Action.

19. Upon final termination of this Action and any appeals, any person in possession of Confidential Materials shall, upon written request, promptly return the Confidential Materials, including all copies and excerpts, to counsel for the Producing Party, or confirm in writing that the Confidential Materials were destroyed. Notwithstanding the foregoing, counsel for the Parties shall be entitled to retain all court filings, deposition and hearing transcripts, exhibits used in affidavits and at trial, and attorney work product. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility, or to require either Akin Gump Strauss Hauer & Feld LLP or Abrams Fensterman, LLP to destroy information residing solely on back-up tapes or similar disaster recovery repositories.

20. Once executed by all Parties, this Stipulation and Order shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

21. The inadvertent, unintentional or in camera disclosure of Confidential Materials shall not be deemed a waiver of any claims of confidentiality.

**CLAWBACK PROVISION PURSUANT TO FRE 502(D) AND 502(E)**

The Parties hereby **AGREE,** and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

22. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Party receiving the Documents, shall in no way constitute the voluntary disclosure of such Document.

23. The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

24. If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    a. the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's

        Documents to identify potentially privileged or work product Protected Documents.

    b.    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

25.    If, during the course of this litigation, a Party determines it has produced a Protected Document:

    a.    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such Documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range, the privilege or

protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

b. The Receiving Party shall not thereafter review the document and must immediately, but in any event within five (5) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

26. To the extent that the information contained in a Protected Document has already been used in or described in other Documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Paragraphs 24(b) and 25(a), then the Receiving Party shall sequester such Documents

until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

27. The Receiving Party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered, or destroyed Documents on the grounds that the Documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    a. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    b. the disclosure of the Protected Documents was not inadvertent;

    c. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    d. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

28. Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of Documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

29. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (c).

30. Once executed by all Parties, this Stipulation and Order shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

Respectfully submitted,

Dated: September 10, 2024

_____
Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel: 212-872-1000
Fax: 212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiff Greenlight Capital, Inc.*

_____
Justin T. Kelton
Abrams Fensterman, LLP
1 MetroTech Center, Suite 1701
Brooklyn, New York 11201
Tel: 718-215-5300
Fax: 718-215-5304
jkelton@abramslaw.com

*Counsel for Defendant James Fishback*

SO ORDERED: _____  Dated: 9/11/2024

VERNON S. BRODERICK
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Greenlight Capital, Inc.,

                  Plaintiff,

          Case No. 1:24-cv-02299-VSB

-vs.-

James Fishback,

                  Defendant.

## SUBSCRIPTION AND ADHERENCE TO THE STIPULATION AND PROTECTIVE ORDER

    The undersigned hereby declares that (he)(she) has read and understands the Stipulation and Protective Order (the "Order") entered in the above captioned proceedings and that (he)(she) will adhere to and abide by all of the provisions of said Order with respect to all Confidential Material (he)(she) receives thereunder.

Dated: _____

By: _____
      Type or Print Name

      _____
      Signature