

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

December 19, 2025

<u>Via ECF</u>
Chief District Judge
Hon. Laura Taylor Swain
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Greenlight Capital Inc. v. Fishback*, Case No. 24-CV-02299-LTS;
              Motion for Leave to Withdraw as Counsel

Dear Chief Judge Swain:

      We represent Defendant James Fishback in this action. We write pursuant to Local Civil Rule 1.4(b) to respectfully seek leave to withdraw as counsel.

      This case is currently completed, with the exception of Greenlight's motion for attorneys' fees. That motion has been fully-briefed since May 19, 2025 (Dkt. No. 42). There are no case deadlines currently in place. However, Greenlight's counsel advised yesterday that it intends to pursue further motion practice. In light of Greenlight's stated intention, Mr. Fishback has decided that he prefers to represent himself *pro se* going forward, and for that reason, terminated our representation without cause and due to his preference to self-represent and to avoid incurring additional legal fees. (*See* Fishback Decl. ¶ 2). We do not object to that termination.

      Attorneys are ethically required to withdraw when discharged by their clients. *See, e.g.*, *Schwartz v. AMF Bowling Ctr., Inc*., 746 F. Supp. 3d 1, 7 (E.D.N.Y. 2024) ("DSB has presented the Court with satisfactory reasons to permit the firm to withdraw as Plaintiff's counsel in this action. DSB contends that Plaintiff terminated the attorney-client relationship, and Plaintiff signed a notice of discharge to that effect. Thus, under NYRPC 1.16(b), DSB is required to withdraw as counsel."); *Awolesi v. Shinseki*, 31 F.Supp.3d 534 (W.D.N.Y. 2014) (citing *Whiting v. Lacara* for the proposition that "by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions"); *see also* New York Rules of Professional Conduct Rule 1.16(b)(3) (stating that "a lawyer shall withdraw from representing a client when ... the lawyer is discharged").

When counsel has been discharged, courts order withdrawal "except under the most compelling circumstances." *Awolesi v. Shinseki*, 31 F.Supp.3d 534 (W.D.N.Y. 2014); *Casper v. Lew Lieberbaum & Co., Inc.*, 1999 WL 33533 (S.D.N.Y. 1999); *In re WB Bridge Hotel LLC*, 656 B.R. 733 (Bankr.S.D.N.Y. 2024).

In light of the foregoing, it is respectfully requested that the Court grant this motion for leave to withdraw, and allow Mr. Fishback to proceed *pro se*. *See Jolly v. Coughlin*, 1999 WL 20895, at *14 (S.D.N.Y. Jan. 19, 1999) ("if the plaintiff no longer wishes to be represented, he should be permitted to proceed *pro se*."). Notably, as discussed in the Fishback Decl. at n.1, Mr. Fishback is already representing himself in other disputes against Plaintiff, including a pending federal court collections matter in the Northern District of Florida, and a pending arbitration before AAA.

Given the post-judgment posture of this matter, and the fact that there are no pending deadlines, we believe that withdrawal and transitioning to Mr. Fishback representing himself can be accomplished without unduly prejudicing any party. *See de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020) (granting motion to withdraw and finding, in light of post-judgment posture of the case, that the proceedings would not be unduly disrupted by the withdrawal).

There have been no prior requests for the relief requested herein, and the requested relief will not affect any court date or deadline.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Justin T. Kelton*

Justin T. Kelton

Cc:   All counsel (via ECF)

Defendant James T. Fishback (via email)