Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T +1 212.872.1000
F +1 212.872.1002
akingump.com

**Stephen M. Baldini**
**+1 212.872.1062/fax: +1 212.872.1002**
**sbaldini@akingump.com**

December 22, 2025

**VIA ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Greenlight Capital, Inc. v. Fishback*, 1:24-cv-2299-LTS

Dear Chief Judge Swain:

We represent Plaintiff, Greenlight Capital, Inc. ("Greenlight"), in the above-referenced action against Defendant, James Fishback ("Fishback"). We write to respectfully request leave to submit additional evidence in support of Plaintiff's pending Motion for Attorneys' Fees and Costs (the "Fee Motion"). ECF 32-34. The additional evidence that Greenlight seeks to submit is contained in the declaration of Stephen M. Baldini dated December 22, 2025 and accompanying exhibits, which is being filed herewith (the "Supplemental Baldini Declaration").

**Background**

The Court entered summary judgment in favor of Greenlight in this action on March 31, 2025. *See* ECF 30-31. Greenlight filed its Fee Motion on April 14, 2025, which remains pending before the Court.

Greenlight is also a plaintiff in another action against Fishback in this district that is relevant for purposes of the instant letter motion. That action is currently pending before Judge Engelmayer, and is captioned *Greenlight Capital, Inc., et al. v. Fishback*, No. 24-cv-04832-PAE (S.D.N.Y.) (the "Confidentiality Action").[1] Greenlight commenced the Confidentiality Action against Fishback on June 25, 2024, asserting claims for, *inter alia*, Fishback's breach of the

[1] The other plaintiff in the Confidentiality Action is Greenlight's successor, DME Capital Management, LP. All references to actions or positions taken by Greenlight in the Confidentiality Action similarly apply to DME Capital Management, LP.



confidentiality provisions in his employment agreement with Greenlight (the "Employment Agreement").

This case was filed approximately three months before the Confidentiality Action, and proceeded more quickly to a resolution. When briefing on the Fee Motion had concluded in this action, the parties were just beginning to conduct discovery in the Confidentiality Action. Discovery in the Confidentiality Action did not conclude until August 2025, and on September 24, 2025, Judge Engelmayer entered a Stipulated Order Entering Injunction finding Fishback liable on Greenlight's breach of contract claim and enjoining Fishback from any subsequent violations. *See* Confidentiality Action, ECF 70 (the "Injunction Order").[2] The same day, Judge Engelmayer also entered an order setting the briefing schedule for Greenlight's submissions seeking attorneys' fees and costs incurred in prosecuting the Confidentiality Action as provided for in Fishback's Employment Agreement with Greenlight. *See* Confidentiality Action, ECF 71.

Greenlight subsequently filed a motion for attorneys' fees pursuant to that order in the Confidentiality Action on October 10, 2025 (*see*, ECF 72-74, "Confidentiality Action Fee Motion"). Greenlight supported the motion with certain evidence obtained in discovery in the Confidentiality Action, which was submitted via the Declaration of Stephen M. Baldini, dated October 10, 2025 and Exhibits 1-40 thereto. *See* ECF 74 (the "Confidentiality Action Fee Motion Declaration" or "CAFM Declaration"). Fishback filed his opposition papers to the Confidentiality Action Fee Motion on October 24, 2025, and Greenlight filed its reply brief on October 31, 2025, on which date briefing on the Confidentiality Action Fee Motion closed. As further explained below, Greenlight believes that the evidence uncovered and submitted in the Confidentiality Action is relevant to this Court's determination of the Fee Motion.

**Legal Standards**

"[T]he decision to permit a party to file supplemental submissions is within the Court's discretion." *G&G Closed Cir. Events, LLC v. Pacheco*, 2021 WL 4296649, at *3 n.1 (S.D.N.Y. Sept. 20, 2021) (quoting *In re Repetitive Stress Inj. Litig.*, 165 F.R.D. 367, 371 (E.D.N.Y. 1996)). "Generally, courts in this Circuit look 'favorably on efforts to supplement the record absent prejudice or bad faith.'" *Arthur v. Orchestrate Business LLC*, 2025 WL 2201067, at *2 (S.D.N.Y. Aug. 1, 2025) (quoting *SL-x IP S.Á.R.L. v. Bank of Am. Corp.*, 2019 WL 8362064, at *1 (S.D.N.Y. Feb. 16, 2019)); *see also Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*, 585 F. Supp. 3d 540, 569 (S.D.N.Y. 2022), *aff'd sub nom. Phoenix Light SF Ltd. v. Bank of New York Mellon*, 66

[2] The Injunction Order also concluded that "Plaintiffs were and are 'entitled to enforce [their] rights under this [Employment] Agreement . . . to recover damages (including, without limitation, reasonable fees and expenses of counsel) . . .'" Injunction Order ¶ 29 (quoting Employment Agreement § 11).



F.4th 365 (2d Cir. 2023) ("Courts in this Circuit look favorably on efforts to supplement the record absent prejudice or bad faith … Moreover, the parties will be best served by the Court deciding the issues presented to it on the most complete factual basis possible.").

Where a party seeks to supplement the record, it is appropriate for that party to file the proposed supplementary evidence alongside the request to supplement. *See Katz v. Metropolitan Trans. Auth.*, 2017 WL 6734185, at *12 (E.D.N.Y. Dec. 29, 2017) ("Cases in which courts have authorized parties to supplement the record, however, have generally involved parties who have come to the court with the actual supplemental information in hand.").

**Supplemental Evidence**

Greenlight seeks leave to file additional, recently-discovered evidence that bears on the reasonableness of the parties' efforts in litigating this case, which is a central issue to the pending Fee Motion. Specifically, the evidence demonstrates that Fishback unreasonably prolonged litigation here because he knew that he did not have any colorable defenses to Greenlight's claim before this case even began, but he chose to litigate the case as if he did anyway (including by insisting on futile discovery). As set forth in Greenlight's Fee Motion briefing, Fishback's utter lack of defenses was demonstrated by his failure to substantively respond to Plaintiff's pre-discovery summary judgment motion at any point in the case, which led the Court to not only grant the summary judgment motion, but treat it as unopposed. *See* Greenlight Opening Br., ECF 33 at 15-16 (citing Memorandum Order Granting Motion for Summary Judgment, ECF 30, at 9-10).

Indeed, rather than needing time to marshal evidence or argue points of law to support his defenses, Greenlight posited that Fishback's efforts were simply a delay tactic, undertaken in parallel with vexatious litigation and other wrongful conduct aimed at exerting pressure on Greenlight, in the hopes of avoiding repayment. *See* Greenlight Reply Br., ECF 42 at 3-4.

Recently discovered evidence confirms that Greenlight was right. Specifically, such evidence shows that Fishback committed to employing a fraudulent, bad-faith litigation strategy against Greenlight, which provides a clear explanation for his unjustifiably dilatory tactics in this case. Further, new evidence also demonstrates that Fishback has never intended to repay Greenlight—even following the entry of a final, valid judgment in Greenlight's favor—severely undercutting Fishback's arguments regarding his own reasonableness, as well as Greenlight's reasonableness in retaining undersigned counsel to handle this matter.

Critically, none of this evidence was available before the close of Fee Motion briefing. But given its relevance to the Fee Motion, Greenlight now seeks leave to file such additional evidence so that it may be considered as part of the Court's adjudication of the Fee Motion.



1. Evidence Obtained in the Confidentiality Action

In the Confidentiality Action, Greenlight obtained evidence in discovery which revealed that Fishback committed to litigating against Greenlight in bad faith before Greenlight even filed this case or the Confidentiality Action. Specifically, the evidence showed that Fishback manufactured false pretenses for a lawsuit against Greenlight shortly after his employment with the company terminated. Fishback sought millions of dollars from Greenlight in that suit, and his efforts to prolong parallel litigation in both this action and the Confidentiality Action aided his pursuit of this bad faith strategy. As a result, Greenlight has already submitted such evidence in connection with its Confidentiality Action Fee Motion,[3] and seeks to submit the same evidence for similar purposes here. This evidence is attached to the Supplemental Baldini Declaration as Exhibit A.

When Fishback departed from Greenlight on August 15, 2023, he was acutely aware that his recent actions had opened him up to immediate liability to Greenlight. Specifically, he had: (1) triggered an obligation to immediately repay hundreds of thousands of dollars he owed on the promissory notes to Greenlight when he terminated his employment (*see* Complaint, ECF 1 ¶ 25); and (2) inadvertently tipped off Greenlight as to his plans to misappropriate its confidential information and misrepresent his work with the company to support his launch of his own investment vehicle, Azoria Partners ("Azoria"). *See* Confidentiality Action, Injunction Order, at ¶¶ 5-8, 17-18; *see also* Confidentiality Action, Amended Complaint, ECF 18 at ¶¶ 64-83.

Given the precarious situation that he put himself in, Fishback committed to bringing a falsely constructed lawsuit against Greenlight and seeking damages to create a point of leverage and offset his own liability to the company. Fishback's scheme to manufacture false claims against Greenlight proceeded in two parts: (1) convincing a third party investment firm to send a reference check email (written by Fishback himself) to Greenlight, inquiring about Fishback and a false title that he invented for himself (*i.e.*, "Head of Macro"); and (2) suing Greenlight for defamation in New York State Supreme Court after Greenlight replied to correct the misstatement of Fishback's title (the "NYS Defamation Action"), falsely alleging in a sworn affidavit that the inquiring investment firm was likely to invest $5 million with Azoria, but did not pursue the investment due to Greenlight's response. CAFM Decl. ¶¶ 27-44; Exs. 12-21.

Discovery in the Confidentiality Action showed that Fishback's statements in his affidavit—and the entire premise for his suit against Greenlight—were not just knowingly false, but were based on underlying events that Fishback himself manufactured for the purpose of conducting a fraud on the New York State Supreme Court. To start, the investment firm that sent

[3] Greenlight submitted this evidence in the Confidentiality Action via the CAFM Declaration (defined *supra* at 2).



the reference check was never considering investing in Azoria, as testified to at length in this case by both the sender of the reference check email and the investment firm's Chief Investment Officer.[4] CAFM Decl. ¶¶ 42-43; Exs. 19-20. The sender of the email testified that he simply sent the email to Greenlight as a favor and at the request of his colleague at the time, Asaf Abramovich—Fishback's childhood friend and co-founder of Azoria. CAFM Decl. ¶ 42; Ex. 19 at 34:9-36:11, 37:21-38:8. Fishback himself had drafted the body of the reference check email, sent it to Mr. Abramovich, and conspired with Mr. Abramovich to arrange for one of his colleagues to send it to Greenlight to create the false impression of an interested investor. *See* CAFM Decl. ¶¶ 34, 37-41; Exs. 14, 16-18; *see also* Ex. 20 at 22:22-23:15, 56:18-59:10. If this scheme were not transparent enough, on the same day that Fishback sent Mr. Abramovich the draft email, he texted the draft to his father as well, spelling out his intentions in four subsequent text messages: "We can have Asaf's assistant send this," "We need them to DEFAME us," "Which THEY WILL," and "That's another $1 MM right there." CAFM Decl. ¶¶ 35-36; Ex. 15.

After Greenlight moved to compel arbitration of Fishback's defamation claims in the NYS Defamation Action, Fishback agreed to dismiss the claims in favor of arbitration and subsequently reasserted them in arbitration against Greenlight in September 2024. CAFM Decl. ¶ 45.[5] Fishback continued to press those claims in arbitration until August 2025, when discovery in the Confidentiality Action revealed that his claims were clearly fraudulent and frivolous, and he was forced to withdraw them from the arbitration. *Id.*

Fishback's pursuit of these fraudulent and frivolous claims demonstrate that he has never intended to litigate against Greenlight in good faith. For one, the fact that Fishback was willing to resort to such egregious conduct in one litigation against Greenlight severely undermines his argument that he was acting reasonably in this parallel, related action and undercuts any suggestion that the fees and expenses sought in the Fee Motion were unreasonable. Fishback has failed to ever provide a direct, rational explanation for why he insisted on litigating this case despite his clear lack of defenses, and he should not be afforded the benefit of an assumption that he was acting in good faith. Indeed, the recently discovered evidence strongly suggests that Fishback was attempting to delay any findings on liability in this action or the Confidentiality Action while he pursued his fraudulent claims against Greenlight because he wanted to maintain leverage with

[4] CAFM Decl. ¶¶ 42-43; Ex. 19 at 34:6-8, 36:15-38:13, 39:21-40:17, 46:11-49:24; Ex. 20 at 44:14-46:24, 48:21-49:5, 55:16-23, 56:18-59:10, 61:6-64:6.

[5] Discovery in the Confidentiality Action also yielded documents showing that, before reasserting his defamation claims in arbitration, Fishback convinced a second third party to impersonate a potential Azoria investor (even though they were never considering such an investment) and send Greenlight a reference check (that Fishback again drafted), to ostensibly create more support for those false defamation claims. CAFM Decl. ¶¶ 46-71; Exs. 22-38.



Greenlight in the parties' global dispute, which could be used to offset his own liabilities in a potential settlement.

For these reasons, Greenlight respectfully requests that the Court allow Greenlight to make a supplemental submission of evidence here, comprised of the evidence that was discovered in the Confidentiality Action and submitted to Judge Engelmayer in connection with the Confidentiality Action Fee Motion.

2. Evidence Regarding Fishback's Refusal to Satisfy Judgment

Greenlight also seeks to submit evidence in the form of recent statements and conduct by Fishback which confirm that he intends to resist satisfaction of any valid, final judgment entered by this Court. This evidence confirms what Greenlight has always known and consistently argued throughout Fee Motion briefing—that Fishback was intent on making recovery on the First Note (as defined in Complaint, ECF 1 ¶ 11) as difficult as possible for Greenlight. This justified Greenlight's retention of skilled, experienced counsel, and their efforts in litigating this case.

In the Fee Motion briefing, Fishback contends that Greenlight's decision to retain undersigned counsel (and pay counsel's rates) was not reasonable because this was a "simple loan note case," and "no reasonable client would use Akin…for this type of matter absent a fee-shifting provision." *See* Fishback Opp. Br., ECF 39, at 3. Greenlight responded that this was incorrect for multiple reasons, which are now strongly supported by newly discovered evidence.

First, characterizing this case as a simple loan collection case ignored the overarching context of the dispute. This case was part of an intensely litigated, multi-proceeding dispute between the parties, and Greenlight estimated that Fishback would likely seek to increase the complexity of the case (and corresponding burden on Greenlight), based on its experience with him as an adversary. *See* Greenlight Reply Br., ECF 42 at 3. Second, Fishback's argument that Greenlight would not have retained Akin absent contractual fee provisions was based on the naïve premise that Fishback would satisfy a judgment entered against him. But this line of argument assumes that Fishback would, in fact, cooperate to pay any amounts ordered by the Court in a valid, final judgment awarding attorneys' fees. As Greenlight pointed out, the prospect of that actually happening has always been remote, given Fishback's persistent and patently unjustifiable refusal to repay the First Note in the first instance. *See id.* at 3-4. This was a strong, objective indication that Greenlight's decision to retain Akin was reasonable, considering that Greenlight was required to pay Akin's legal fees in the first instance and faced a risk that it would be unable to recover such fees from Fishback, even if required by a valid, final order of the Court.

Nevertheless, Greenlight retained Akin and paid Akin's legal fees in the first instance, which is a strong, objective indicator that Greenlight was incentivized to only incur reasonable legal fees.

Recent actions and statements by Fishback demonstrate that Greenlight was right, and that Fishback is refusing to comply with court orders in a deliberate effort to avoid satisfying the valid, final judgment entered by this Court. There is no doubt he will continue to do so for any judgments or orders entered with respect to attorneys' fees.

For context, after the Court entered the judgment awarding Greenlight the principal and interest under the First Note, Greenlight commenced a proceeding to enforce the judgment in the United States District Court for the Northern District of Florida, captioned *Greenlight Capital, Inc. v. Fishback*, Case No. 4:25-MC-031-MW-MAF (the "Judgment Enforcement Action"). A review of the docket in that action shows that Fishback has repeatedly failed to comply with the court's orders regarding discovery in aid of execution in that action.[6]

Fishback's recent statements demonstrate that this conduct is deliberate. Excerpts of these statements are contained in paragraphs 4-5 of the Supplemental Baldini Declaration, and referenced exhibits thereto. As is relevant here, these statements confirm that Fishback's longstanding goal has been to make Greenlight's recovery as difficult as possible, and correspondingly, that Greenlight's practical ability to recover any amounts owed from Fishback has always been marred by uncertainty. This state of facts justified Greenlight's retention of Akin, and Akin's efforts in litigating this case diligently. As a result, Greenlight respectfully requests that the Court permit supplementary submission of the evidence cited above bearing on that issue.

Plaintiff's counsel contacted Fishback's counsel on December 18, 2025, to inquire whether Fishback was willing to consent to the relief sought herein, pursuant to the Court's Individual

[6] Greenlight filed a motion to compel compliance with post-judgment discovery requests in that action on October 1, 2025. *See* Judgment Enforcement Action, ECF 27 ("Motion to Compel Discovery"). On October 17, 2025, the court entered an order stating that Fishback "submitted an insufficient response" to Greenlight's Motion to Compel Discovery, and setting a deadline of October 31, 2025 for Fishback to file a corrected response. *See* Judgment Enforcement Action, ECF 36. On November 5, 2025, the court entered an order which granted Greenlight's Motion to Compel Discovery after observing that Fishback had failed to bring required documents to his scheduled deposition or file a corrected response to the Motion to Compel Discovery by October 31, 2025; the order set a deadline requiring Fishback to produce the requested documents and file a notice of compliance by November 20, 2025. *See* Judgment Enforcement Action, ECF 43. An unenumerated docket entry in the Judgment Enforcement Action from December 2, 2025 reflects that Fishback failed to timely file such notice of compliance and is in default of his obligations under the court's November 5, 2025 order.



Practice Rules. On December 22, 2025, Fishback's counsel informed Plaintiff's counsel that Fishback opposes the relief sought herein.

*****

We appreciate the Court's attention to this matter and are available to answer any questions or address any concerns the Court may have.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF
**AKIN GUMP STRAUSS HAUER & FELD**

By: */s/ Stephen M. Baldini*
Stephen M. Baldini
One Bryant Park
New York, New York 10036
Tel: (212) 872-1062
Fax: (212) 872-1002

*Counsel for Plaintiff Greenlight Capital, Inc.*